IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GRAHAM B.C. ROMAN**, <br><br> Plaintiff, <br><br> v. <br><br> **COUNTY OF CHESTER,** et al., <br><br> Defendants. | CIVIL ACTION <br><br> NO. 23-1662-KSM |

### MEMORANDUM

**Marston, J.**                                                                                                      **June 7, 2023**

Plaintiff Graham B.C. Roman is a pretrial detainee at Chester County Prison (the "Prison"), where he has been incarcerated since August 29, 2021.  He brings claims under 42 U.S.C. § 1983 for violations of his First, Eighth, and Fourteenth Amendment rights against the County of Chester, the Prison, and multiple Prison officials.  (*See* Doc. No. 17 at 4–8.)  As relevant here, Roman alleges that Defendants violated his constitutional rights when they moved him from cell to cell five times in three days for no penological reason, denied him access to the Prison's grievance process, and denied him necessary dental care.  (*See id.* at 8, 11–12.)

Currently before the Court is Roman's motion for a temporary restraining order ("TRO") or preliminary injunction.  (Doc. No. 24.)  He asks the court to "stop the ongoing campaign of harassment" committed against him by Defendants.  (*Id.* at 8.)  He identifies three alleged injuries:  (1) the "continued malsciouecly [sic] evil act of moving plaintiff from cell to cell with no penological or security based reason in upwards of (5) moves in two day periods all due to his attempt to receive administrative remedy," (2) "the interference of plaintiff's right to use the

protected conduct 'grievance system' by openly violating 37 Pa. Code § 95.223(4),"[1] and (3) Defendants' refusal to provide "treatment or delaying said dental care in excess of 21 months causing ongoing injury to a disabled inmate with osteogen[e]sis imperfecta[, i.e.,] 'Brittle Bones.'" (*Id.* at 9.)  For the reasons discussed below, the motion is denied.

## I.

Under Federal Rule of Civil Procedure 65 this court has the power to "grant preliminary injunctions to enjoin harmful conduct." *ASI Bus. Sols., Inc. v. Otsuka Am. Pharm., Inc.*, 233 F. Supp. 3d 432, 437 (E.D. Pa. 2017); *see also* Fed. R. Civ. P. 65(a).[2]  Similarly, 18 U.S.C. § 3626 allows the court to grant a preliminary injunction with respect to prison conditions. 18 U.S.C. § 3626(a)(2).  "Preliminary injunctive relief is an extraordinary remedy and should be granted only in limited circumstances." *Arrowpoint Cap. Corp. v. Arrowpoint Asset Mgmt., LLC*, 793 F.3d 313, 318 (3d Cir. 2015) (quotation marks omitted).  And a prisoner's request for injunctive relief, in particular, "must 'be viewed with great caution' because of the 'intractable problems of prison administration.'" *Milhouse v. Fasciana*, 721 F. App'x 109, 111 (3d Cir. 2018) (quoting *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

A party seeking a preliminary injunction must present evidence showing:  "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Arrowpoint Cap. Corp.*, 793 F.3d at

---

[1] Section 95.223(4) requires state prisons to have a "[w]ritten local policy" that "permit[s] every inmate to make a request or submit a grievance to the prison administration, the judiciary or other proper authorities without censorship as to substance."

[2] Likewise, the court may grant a TRO if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable harm . . . will result to the movant before the adverse party can be heard in opposition . . . ." Fed. R. Civ. P. 65(b)(1)(A); *see also Hope v. Warden York Cnty. Prison*, 956 F.3d 156, 159–60 (3d Cir. 2020).

318–19 (quotation marks omitted).  If a party fails to establish likelihood of success on the merits and irreparable harm—what the Third Circuit has referred to as the "gateway factors" of this test—then the Court need not consider whether all four factors balance in favor of granting preliminary relief.  *See Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017); *see also Arthur Treacher's Franchise Litig.*, 689 F.2d 1137, 1143 (3d Cir. 1982) ("[A] failure to show a likelihood of success or failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction.").

To that end, it is the plaintiff's burden to prove with evidence that the first two preliminary injunction elements are satisfied.  *See Scutella v. Erie Cnty. Prison*, Case No. 1:19-cv-245, 2020 WL 571065, at *3 (W.D. Pa. Feb. 5, 2020) ("The party requesting the injunction has the burden of introducing evidence to support the first two factors.").  Success on the merits must be likely but need not be more likely than not; irreparable harm must be more likely than not.  *See Reilly*, 858 F.3d at 179.  "In general, to show irreparable harm a plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial."  *Acierno v. New Castle County*, 40 F.3d at 653 (3d Cir. 1994); *see also Scutella*, 2020 WL 571065, at *3 ("[A] court may not grant preliminary injunctive relief unless 'the preliminary injunction is the only way of protecting the plaintiff from harm.'" (quoting *Instant Air Freight Co. v. C.F.A. Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989))).  "The requisite feared injury or harm must be irreparable—not merely serious or substantial . . . ." *ASI Bus. Sols., Inc.*, 233 F.Supp.3d at 437 (quotation marks omitted).

## II.

As stated above, Roman seeks a preliminary injunction that prohibits Defendants from moving him from him between cells without a penological reason, forbids them from interfering

with his ability to file a grievance, and mandates that they let him see a dental specialist. Because Roman has not satisfied the gateway preliminary injunction factors, his request is denied.

First, Roman has not shown that he is likely to suffer immediate, irreparable injury in connection with his being moved from cell to cell. *See Ferring Pharm., Inc. v. Watson Pharm., Inc.*, 765 F.3d 205, 219 (3d Cir. 2014) ("Absent a showing of irreparable harm, a plaintiff is not entitled to injunctive relief, even if the other three elements are found." (quotation marks omitted)); *Hoxworth v. Blinder, Robinson & Co.*, 903 F.2d 186, 197 (3d Cir. 1990) (explaining that the moving party must demonstrate "the probability of irreparable harm if relief is not granted"). In the Amended Complaint, Roman alleges that he was "moved (18) times in under (17) months," with "around 5 moves" occurring because of Roman's conduct and "(13) moves were based on provided retaliation that's continued since 06/08/2022." (Doc. No. 17 at 18; *see also id.* at 20 (identifying February 23, 2023 as the most recent move).) He also identifies a single instance when he was moved between five cells in the span of two or three days in late February 2023. (*Id.* at 20.) This incident, which also constitutes the most recent move, occurred more than three months ago, and Roman has not alleged, let alone put forth evidence to suggest, that he is likely to be moved again in the near future. *See Holiday Inns of Am., Inc. v. B&B Corp.*, 409 F.2d 614, 618 (3d Cir. 1969) (A preliminary injunction "may not be used simply to eliminate the possibility of a remote future injury."); *see also Boyd v. Larson*, CIVIL ACTION NO. 1:16-cv-01789, 2017 WL 1904278, at *4 (M.D. Pa. Apr. 21, 2017) ("The mere possibility of a future placement in restrictive housing does not constitute immediate, irreparable harm."). Accordingly, the Court finds that Roman has not shown he is likely to suffer imminent injury. *See Cont'l Grp., Inc. v. Amoco Chems. Corp.*, 614 F.2d 351, 359 (3d Cir. 1980) ("The requisite

for injunctive relief has been characterized as a clear showing of immediate irreparable injury or a presently existing actual threat." (cleaned up)); *Synthes, Inc. v. Gregoris*, 228 F. Supp. 3d 421, 440 (E.D. Pa. 2017) ("Any irreparable harm must be imminent.").

Even if Roman could satisfy this element, the Court finds the risk of ham to Defendants weighs against issuance of a preliminary injunction. *See Boyd*, 2017 WL 1904278, at *4 ("[T]he possibility of harm to the defendants in the event that preliminary relief is erroneously granted appears to be substantial.  'Where a plaintiff requests an injunction that would require the Court to interfere with the administration of a state's prison or jail, appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief. The federal courts are not alleged overseers of the day-to day management of prisons.  Prison officials require broad discretionary authority as the operation of a correctional institution is at best an extraordinarily difficult undertaking.'" (quoting *Chruby v. Kowaleski*, Civil Action No. 11-225J, 2012 WL 12875986, at *5 (W.D. Pa. May 1, 2012)); *Njos v. Argueta*, Civil Action No. 3:CV–12–1038, 2013 WL 1497430, at *6 (M.D. Pa. Feb. 25, 2016) ("We also find that the Plaintiff is requesting relief in the form of Court intervention and management while he is in prison, i.e. directing USP–Lewisburg to classify him as 'rec alone' status, and directing USP–Lewisburg as to what Unit to house him in.  The Court will not generally interfere with prison administration matters such as USP–Lewisburg's decision as to what Unit and classification is proper for Plaintiff.").  The Court denies Roman's motion for a preliminary injunction on this issue.

Second, the Court finds that Roman has failed to show a likelihood of success on the merits or a threat of immediate, irreparable injury to the extent his claim is based on prison officials' alleged interference with the grievance process.  In the Amended Complaint, Roman

claims that this injury gives rise to a Fourteenth Amendment violation and is therefore cognizable under § 1983. (Doc. No. 17 at 8.) The Court disagrees. Section 1983 is a vehicle through which individuals can bring suit for violations of federal constitutional and statutory rights:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities *secured by the Constitution and laws*, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983 (emphasis added). Because "prison inmates do not have a constitutionally protected right to a grievance process," Roman's allegation that Prison officials denied him access to that process cannot give rise to a claim under § 1983. *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005); *see also Bickel v. Vechecco*, C.A. No. 09–115 Erie, 2011 WL 915689, at *1, n.1 (W.D. Pa. Feb. 2, 2011) ("Plaintiff also alleges that he was denied his constitutional right to a grievance process, however, a prisoner has no constitutional right to a grievance procedure. As such, any claim Plaintiff makes arising from the denial of an effective grievance system at Erie County Prison should be dismissed, *sua sponte*, for failing to state a claim upon which relief may be granted." (collecting cases)).[3] Accordingly, Roman has not

---

[3] In the Amended Complaint, Roman labels the injury as a "deprivation of use of protected conducts and policies under state law 37 Pa. Code § 95.223(4)." First, the Court notes that § 1983 is a vehicle through which a plaintiff asserts violations of federal statutory and constitutional rights, not violations of state law. *See Yunik v. McVey*, Civil Action No. 08–1706, 2010 WL 4777623, at *5 (W.D. Pa. Nov. 16, 2010) ("To the extent that Plaintiff seeks to sue Mr. Mangino for violations of state laws and rules, we find that such fails to state a claim under Section 1983 because in order to state a claim under Section 1983, the Plaintiff must allege a violation of his federal rights and not merely a violation of state law."). Second, even if the Court views Roman's claim as stating a separate violation of state law, the preliminary injunction is nevertheless denied on this issue because any interference in the grievance process would, at most, "abrogate the need to exhaust administrative remedies with respect to the underlying claim," *not* amount to an immediate and irreparable injury that warrants injunctive relief. *Nifas v. Coleman*, Civil Action No. 10–1486, 2011 WL 4368624, at *2 (W.D. Pa. Aug. 22, 2011).

shown a likelihood of success on the merits, and his motion is denied on this issue as well.

Third, Roman asks the Court to mandate that the prison allow him to see a dental specialist. Because the prison allowed Roman to see a dentist in late April 2023 and has agreed to let him see a specialist, the Court denies as moot his request for a preliminary injunction as to this claim.[4] Roman alleges in multiple filings that he saw a dentist on April 26 and 27, 2023. (*See* Doc. No. 8 at 20 (recording date as April 26, 2023); *see also* Doc. No. 17 at 22 (stating dental appointment was on April 27, 2023); *id.* at 21 (stating he saw a dentist both days).) That dentist "sent emails to the Director Tim Mulrooney to inform him of [Roman's] irreparable injuries" and need for specialized dental treatment related to his diagnosis of "Osteo[g]enesis I[m]perfecta." (Doc. No. 10 at 1.) The Prison then "approved [Roman's request] to see a[n] outside dentist," and officials are currently looking for an appropriate specialist. (*Id.*) Because Roman's own submissions show that the prison has agreed to let Roman see a dental specialist, the Court denies as moot Roman's request for preliminary injunction as to this issue.[5]

---

[4] In the alternative, and for the same reasons, the Court denies the request for a preliminary injunction because Roman has failed to show that he is likely to suffer immediate, irreparable injury in connection with the denial of dental care. As the Court explains, by Roman's own admission, the Prison let him see a dentist in late April 2023 and has agreed to let him meet with a dental specialist. To the extent Roman's claims are based on the significant pain and injury that he experienced during the 20 months that he was allegedly denied access to a dentist, that allegation goes to past injuries for which he can seek monetary relief through this lawsuit. Past injury is not, however, a valid basis for injunctive relief. *See Miller v. Little*, CIVIL ACTION NO. 3:21-cv-01941, 2022 WL 2070282, at *2 (M.D. Pa. June 8, 2022) ("A preliminary injunction cannot be issued based on past harm. The purpose of a preliminary injunction is to prevent *future* irreparable harm." (quotation marks omitted).)

[5] According to Roman's allegations, it has been a little over one month since the prison agreed to grant Roman the relief he currently seeks, and Prison officials are attempting to find an appropriate specialist. At this time, the Court does not view this delay as amounting to a denial of access to that medical care. Nevertheless, Prison officials are warned that if Roman's account is true, a longer delay may qualify as unreasonable or suggest that the delay may be occurring for non-medical reasons. *See, e.g. Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987) ("[I]f necessary medical treatment is delayed for non-medical reasons, a case of deliberate indifference has been made out." (cleaned up)); *Harrison v. Barkley*, 219 F.3d 132, 137–38 (2d Cir. 2000) ("Harrison has adduced evidence to show (1) that his cavity was left untreated for one year and (2) that it would have remained untreated indefinitely or permanently absent (a) court-ordered treatment or (b) Harrison's consent to extraction of the non-implicated tooth . . . . It follows that (1) outright refusal of any treatment

### III.

Roman's motion for a TRO and preliminary injunction is denied. An appropriate order follows.

---

for a degenerative condition that tends to cause acute infection and pain if left untreated and (2) imposition of a seriously unreasonable condition on such treatment, both constitute deliberate indifference on the part of prison officials."); *cf. Romero v. Ahsan*, 827 F. App'x 222, 226 (3d Cir. 2020) (finding a genuine issue of material fact as to whether a four month delay in prisoner receiving a hinged knee brace was motivated by non-medical factors, and thus, summary judgment on prisoner's deliberate indifference claim was inappropriate); *Estate of Rosenberg ex rel. Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) ("Taking the complaint as true, and that is the only record we have before us, John Does 1, 2, and 3 were inexcusably slow in reacting to complaints of serious medical difficulty. By June of 1991, Harlan was unable to keep food down and would vomit when he tried to eat. Yet, he was not scheduled to see an internal-medicine specialist for two months. Thereafter, the defendants allegedly refused to give him liquid food and told him to survive on four teaspoons of sugar a day. It seems to us that this is a classic case of deliberate indifference.").