**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **GRAHAM B.C. ROMAN**, | **CIVIL ACTION** |
| Plaintiff, | |
| *v.* | **NO. 23-1662-KSM** |
| **COUNTY OF CHESTER,** et al., | |
| Defendants. | |

**<u>MEMORANDUM</u>**

**Marston, J.**                                                                    **August 23, 2023**

Plaintiff Graham B.C. Roman is a pretrial detainee at Chester County Prison, where he has been incarcerated since August 29, 2021.  He brings claims under 42 U.S.C. § 1983 for violations of his First, Eighth, and Fourteenth Amendment rights against the County of Chester, multiple prison officials (collectively, the "County Defendants"), and two prison contractors. (*See* Doc. No. 17 at 4–8; Doc. No. 30 at 11.)  As relevant here, Roman alleges that the County Defendants have unreasonably delayed access to necessary dental care.  (*See* Doc. No. 17 at 8, 11–12; Doc. No. 30 at 8–9.)  Currently before the Court is Roman's third motion for a temporary restraining order ("TRO") or preliminary injunction.  (Doc. No. 49; *see also* Doc. Nos. 11, 24.) He once again asks the Court for an order directing County Defendants to "stop the (DELAY)" of his dental treatment.  (Doc. No. 49 at 13.)  County Defendants oppose that motion.  (Doc. No. 57.)  For the reasons discussed below, the motion is denied.

**I.**

Under Federal Rule of Civil Procedure 65 this court has the power to "grant preliminary injunctions to enjoin harmful conduct."  *ASI Bus. Sols., Inc. v. Otsuka Am. Pharm., Inc.*, 233 F.

Supp. 3d 432, 437 (E.D. Pa. 2017); *see also* Fed. R. Civ. P. 65(a).[1]  Similarly, 18 U.S.C. § 3626

allows the court to grant a preliminary injunction with respect to prison conditions.  18 U.S.C.

§ 3626(a)(2).  "Preliminary injunctive relief is an extraordinary remedy and should be granted

only in limited circumstances."  *Arrowpoint Cap. Corp. v. Arrowpoint Asset Mgmt., LLC*, 793

F.3d 313, 318 (3d Cir. 2015) (quotation marks omitted).  And a prisoner's request for injunctive

relief, in particular, "must 'be viewed with great caution' because of the 'intractable problems of

prison administration.'"  *Milhouse v. Fasciana*, 721 F. App'x 109, 111 (3d Cir. 2018) (quoting

*Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

A party seeking a preliminary injunction must present evidence showing:  "(1) a

likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is

denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving

party; and (4) that the public interest favors such relief."  *Arrowpoint Cap. Corp.*, 793 F.3d at

318–19 (quotation marks omitted).  If a party fails to establish likelihood of success on the merits

and irreparable harm—what the Third Circuit has referred to as the "gateway factors" of this

test—then the Court need not consider whether all four factors balance in favor of granting

preliminary relief.  *See Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017); *see also*

*Arthur Treacher's Franchise Litig.*, 689 F.2d 1137, 1143 (3d Cir. 1982) ("[A] failure to show a

likelihood of success or failure to demonstrate irreparable injury must necessarily result in the

denial of a preliminary injunction.").

---

[1] Likewise, the court may grant a TRO if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable harm . . . will result to the movant before the adverse party can be heard in opposition . . . ."  Fed. R. Civ. P. 65(b)(1)(A); *see also Hope v. Warden York Cnty. Prison*, 956 F.3d 156, 159–60 (3d Cir. 2020).

## II.

Roman has failed to show that he is likely to suffer immediate, irreparable injury absent a preliminary injunction.  "In general, to show irreparable harm a plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial." *Acierno v. New Castle County*, 40 F.3d at 653 (3d Cir. 1994).  "The requisite feared injury or harm must be irreparable—not merely serious or substantial . . . ."  *ASI Bus. Sols., Inc.*, 233 F.Supp.3d at 437 (quotation marks omitted); *see also Scutella*, 2020 WL 571065, at *3 ("[A] court may not grant preliminary injunctive relief unless 'the preliminary injunction is the only way of protecting the plaintiff from harm.'" (quoting *Instant Air Freight Co. v. C.F.A. Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989))).  In addition, it is "insufficient if the harm will occur only in the indefinite future"; instead, "the moving party must make a clear showing if *immediate* irreparable harm."  *Campbell*, 977 F.2d at 91 (quotation marks omitted).

Roman asks the Court to mandate that County Defendants take him to see a dental specialist without further delay.  (*See generally* Doc. No. 49.)  But Roman concedes that County Defendants approved his request for dental treatment in late April or early May of 2023, and afterward, "ma[de] every effort to try to find an outside dentist for needed treatment."  (*Id.* at 7.)  Within a few weeks, they had found a specialist to treat Roman, and he attended the "first of three needed visits" on June 22, 2023.  (*Id.* at 7.)[2]  Roman was scheduled to attend his second visit on August 3, 2023, but, according to Roman, the prison's "negligence and poor staffing" resulted in him being more than an hour and a half late to the appointment.  (*Id.* at 8.)  It is unclear from the motion and the attached medical records whether Roman was seen by the

---

[2] The Court could not confirm this appointment in Roman's medical records, which only list appointments through May 31, 2023.  (*See* Doc. No. 49 at 38–48.)

3

specialist when he arrived or if the appointment was canceled.  It is also unclear whether, and if so, when, Roman is scheduled to attend his next appointment.  However, nothing in the papers filed suggests that County Defendants revoked Roman's approval to meet with the specialist.

The Court sympathizes with Roman, who appears to have suffered significant pain from complications caused by his diagnosis of osteogenesis imperfecta and the significant delay in dental care after he was initially incarcerated.[3]  Nevertheless, the Court cannot find at this time that a preliminary injunction is necessary to ensure he receives the required dental care given County Defendants' efforts over of the last few months to find Roman a specialist and take him to his appointments.  *Cf. Wesley v. Vaughn*, 2002 WL 1286898, at *3 (E.D. Pa. June 4, 2002) (" Plaintiff also cannot show that he will suffer irreparable harm by the denial of relief. Even though the Plaintiff claims that he is not receiving adequate treatment for his Hepatitis C and asthma conditions, the record indicates that these conditions are being treated and are in fact stable.").  Missing a single appointment does not turn this case into one requiring injunctive relief, particularly not when the missed appointment was caused by prison staffing issues.  *See Milhouse*, 721 F. App'x at 111.  The Court does, however, reiterate its previous warning to County Defendants that multiple missed appointments or a lengthy delay may be enough to warrant the Court's intervention.  (*See* Doc. No. 25 at 7 n.5.)

---

[3] As with his previous motion, Roman continues to emphasize the delay between August 2021, when he was first incarcerated, and April 2023, when he first saw a dentist.  (*See* Doc. No. 49 at 6 (referencing initial delay that lasted more than 20 months).)  But to the extent Roman's claims are based on the significant pain and injury that he experienced during those months, that allegation goes to past injuries for which he can seek monetary relief through this lawsuit.  Past injury is not, however, a valid basis for injunctive relief.  *See Miller v. Little*, CIVIL ACTION NO. 3:21-cv-01941, 2022 WL 2070282, at *2 (M.D. Pa. June 8, 2022) ("A preliminary injunction cannot be issued based on past harm. The purpose of a preliminary injunction is to prevent *future* irreparable harm." (quotation marks omitted).)

**III.**

For the reasons discussed above, Roman's motion for a preliminary injunction and TRO is denied.  An appropriate order follows.